**YU ZHEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3514–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Matthew G. Whitaker, United States Attorney for the District of Iowa, Gary L. Hayward, Assistant United States Attorney, Des Moines, IA, for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yu Zhen Chen, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Sarah Burr's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. See *Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang*, 386 F.3d at 73–74. In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

■ The IJ denied Chen's asylum claim, in part, because she failed to prove that she filed her application within one year of entry into the United States or that extraordinary circumstances prevented her from filing on time. However, Chen has waived any argument that her claim was not subject to the one-year bar since she does not raise it in her brief before this Court. *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

■ The IJ denied withholding and CAT relief based on an adverse credibility determination that undercut the factual basis for both claims. The IJ reasonably based her adverse credibility finding on inconsistencies between Chen's testimony, the statements she made during her airport interview, and her supporting documents. First, Chen was unable to answer basic questions about Falun Gong at her airport interview, and stated that the leader of Falun Gong was "some guy with the name Tony." Chen's claim that the reason for her perfunctory responses during the airport interview was because she was afraid was reasonably discredited by the IJ since she readily admitted to the immigration official that she was a "member of Falun Gong."

Second, although Chen claimed during the hearing that she started Falun Gong exercises because of her health, her statements during the airport interview and her medical documentation contradict this claim. During the airport interview, when Chen was specifically questioned about her health, she stated that she had "good health." In addition, on her medical record from the New York Downtown Hospital, there are no notations concerning a history of ill-health. When confronted with the inconsistency during the hearing, Chen explained that she failed to mention her health issues because she felt that the problems she did have, *i.e.*, her "colds," where insignificant and not worthy of mentioning.

Finally, Chen's brief to this Court does not challenge the IJ's denial of her withholding of removal or CAT claims on the basis of family planning. Accordingly, these claims are waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).